*343 OPINION of the Court, by
Ch. J. Botxb.
This was a bill in chancery, filed by Welsh against Viemont and Savary.
The bill in substance states that Savary sold to one Johnson a house and lot in Millersburgh for the price of 8600, and gave his obligation to Johnson for a conveyance ; that Johnson for a valuable consideration paid by Welsh, assigned to him the obligation upon Savary for the conveyance of the house and lot; that Johnson afterwards absconded or removed from the state, and Savary refused to make a conveyance of the house and lot to Welsh, unless he would pay a balance of the price which Savary alleged was due from Johnson; that Welsh accordingly paid to Savary the alleged balance of the price, amounting to glOO and 43 cents ; but he has since discovered that Johnson had paid the whole of the price, and that after the assignment of the obligation for the conveyance of the house and lot by Johnson to Welsh, Johnson became indebted to Viemont and Sava-ry, who were partners in trade, and that they, for the purpose of defrauding Welsh, bad placed the payment made by Johnson in discharge of the price of the house and lot to the credit of Johnson on his store account. The bill therefore concludes with a prayer that they might be compelled to refund to Welsh the money paid by him, and for general relief.
*344 Savary and Viemont demurred to the bill, 1st, bfr* Cause it contained no equity ; and 2d, because Johnson was not made a party,
The court below sustained the demurrer, and decreed the bill to be dismissed with costs ; to reverse which decree this writ of error is prosecuted,
That the case made out by the bill is sufficient to én-title Welsh to relief against Savary, cannot, we apprehend. admit of a doubt. Savary certainly could not have rightfully withheld a conveyance of the lot, because Johnson had hot paid the debt due on the store account; for that being wholly unconnected with the transaction in relation to the lot, he could not have had a lien upon the lot for its payment. Had Johnson himself still held the bond for the conveyance of the lot, and filed his bill for a specific execution of the contract, Savary could not have resisted his right tú a conveyance on the ground that Johnson had failed to pay the store account; for though it is true that he who asks equity of another must shew that he has done equity, yet the equity required to be done must be in relation to the same matter; and a party is never permitted to go into other transactions for the purpose of shewing that in relation to them equity has not been done to him by bis adversary. But the case made out by the bill is a much stronger one against Savary. Because Johnson having paid the price of the lot, and assigned Savary’s obligation to Welsh before be contracted the debt due on the store, account, Welsh’s equity must have been prior to any equity that , could arise in favor of Savary out of the failure of Johnson to pay the store account ; and the rule is qui prior est tempore potior est jure.
If then Savary could not have rightfully withheld the conveyance of the lot on the ground of the store account not having been paid, he has no right to the money which Was paid to him by Welsh, on the pretence that it was ¡due for the lot, when in truth the whole of the price had been before paid by Johnson. Savary is bound therefore in equity and good conscience to return the money Which was so paid by Welsh. Against Viemont, however, we can perceive no ground for relief. It is not pretended that the money paid by Welsh, which alone he has a right to, recover back, was applied to the use of Viemont 5 and although the money which had been paid by Johnson in discharge of the price of the lot had been *345 Wrongfully credited to the partnership account of Vie-mont and Savary, as that was not Welsh’s money, he can have no claim to relief against Yiemont on that score.
As to Johnson, we are Of opinion he was not a necessary party. Welsh does not claim to recover hack the money paid by Johnson, for that was rightfully paid; but to recover the money which he himself has paid, and to that liis title is not derived through Johnson.
The decree must be affirmed as to Yiemont in his individual right, with costs j but reversed, with costs, as to him in his character of executor of Savary j and the cause remanded, that Savary’s executor may answer the bill-, and such other proceedings be had as the rules of equity may require, not inconsistent with the foregoing opinion.