The Chief Justice
delivered the opinion of the court.
This is a writ of error to a judgment of the plaintiff, in an action of assumpsit upon a promise to marry.
The errors assigned are—
1. The the declaration is insufficient.
2. The court erred in the instructions given to the jury.
3. The court erred in overruling the motion for a new trial.
I. As to the insufficiency of the declaration. Previous to ah examination of the particular objections relied on by the counsel for the plaintiff in. error, it may be proper to premise, that the declaration consists of four counts. The first is upon a promise to marry on request — the second upon a promise to marry within a reasonable time — the third a promise to marry generally, without any specification of time — and the fourth, upon a promise to mafry within a reasonable time, at the house of William Catlett, at the mouth of Big Sandy. In each of the counts, the promise of the defendant is aliedged to be made, in consideration of' the promise of the plaintiff to marry the defendant: And ip the first, the plaintiff avers her willingness and readiness la perform her promise, and a request to the defendant to perform his, and his refusal to do so; — in the second and third, she avers her willingness and readiness, and her offer to perform her promise within a reasonable time, and his refusal to perform his- — and in the fourth, she avers her attendance within a reasonable time at the house of Wm. Catlett, at the mouth of Big Sandy, and her offer to perform her promise, and the failure of the defendant to perform his. These averments are not only made in the most *77 formal and technical manner, but the whole of the counts are drawn in the most exact conformity to the best and most approved forms to be found in the books of precedents — see 2 Chitty on pleadings, 90, 91 and 92.
Tparty being vojd> the pro-that consideration is void also,
Actf 0^Voidable-, those are voi-fílefrwlVíf1 jelh-ery.0 y
Those are void which o^nce ofT"* nefit to the infant,
A promise ⅛ marry ¾-;ng ⅛ its’ na-u!re . benefi-1S v0ld* a eony*
The privi-⅛® ofmfaH- ^ butapro-mise made to "* jnfant ⅛ j^jJngonan
But it is objected, that as the plaintiff appears to be an infant under the age of twenty-one, her promise was absolutely void, and it is, therefore, inferred, that the promise of the defendant is without consideration, upon which an action will not lie. Was the position correct, that the promise of the plaintiff was Void because of her infancy, the conclusion attempted to be deduced from it would be unquestionable; but the correctness of the position cannot be admitted. Act.-? not binding upon an infant are, in some cases void and in others voidable only. The acts of an infant which take effect by delivery are, in all cases, voidable only, and with respect to promises which do not take effect by delivery, the distinction is between those which have and those which have no semblance of benefit to the infant, the latter being absolutely void, and the former. voidable only — vide Newland on Contracts, 11, 12, 13; Bac. Abr. title “Infancy and Age,” letter I; and the cases there cited.
As the promise of an infant to marry, is in its nature beneficial, it evidently comes within that description of promises which are not void but voidable only, and it was accordingly so held in the case of Holt vs. Ward, 2 Strange, 937. That case having been decided by a very able court aiid after great deliberation, the point has ever since been considered as incontrovertibly settled: — 3 Atk. 610; Bac. Abr. title “Marriage,” letter B.
But, secondly, it is objected that, admitting the promise of the plaintiff to be voidable only, still until she came of age and ratified it, the promise of the defendant cannot be obligatory on him.
This objection is not only unsupported by any adjudication, but is directly opposed to the whole current of authorities, as will be evinced by a reference to the books before cited. The settled rule is, that the privilege of infancy is personal, of which np one can take advantage but the infant or his representatives, and, therefore, though the contract of an infant made with an adult be voidable by the infant, yet it is absolutely binding upon the adult; otherwise the privilege intended solely for the benefit of the infant, would operate greatly to bis prejudice.
A contract of mamage, vsrba in pre-sentí-, but a promise to per'verbl in S'uturo.
An infant tion on amar-ri&ge promise need not of^arent^r guardian. °
Such as sentís only directory to the clerk; its absence ^oes the marriage or affect the promts.
But, thirdly, it is objected that the contract to marry, as se* ^ürl^ *n the declaration, being to be performed in futuro, is void.
It is true, that to make a binding contract of mamage, s}10u]j jje expressed per verba in presentí, and that a contract expressed per verba in futuro, does not, in estimation of law, constitute a mamage; and this is all that can be inferred from what is said by Blackstone in his Commentaries, 1 vol. 436, to which we were referred by the counsel for the plaintiff in error; but it does not follow, because a contract of this sort expressed per verba in futuro does not operate as a contract of m.yriage, that it is not obligatory upon the parties, nor thatch action will not lie to recover a compensation for a failure to perform it, The action in this case is predicated upon the idea, that there was a contract to marry, not a contract of marriage, contracts as clearly distinct as a contract to convey land is from a conveyance of land; and as the law allows an action to be brought upon a contract to convey land for a breach thereof, so it is equally well settled, that an action may be maintained upon a contract to marry: — Bac. Ab. title “Marriage,” letter B.
But, fourthly and lastly, it ,is objected that the declaration is defective for want of an averment that the parent or guardian of the plaintiff had consented to her intermarriage with the defendant.
The necessity of such an averment, was supposed by the cobnsel for the plaintiff in error to be deducible from the provisions of the “act regulating the solemnization of marriage,” (2 Littell, 64.) The provisions from which this *n^erencc >s attempted to be deduced, prohibit the celebration of the rites of matrimony in any case without licence, and require where either of the parties are under the age of twenty-one, the consent of the parent or guardian to be given before licence shall issue.
These provisions relate only to the marriage itself, and evidently cannot affect the promise or the contract to marry. They do not even annul a marriage entered into contrary to these requisitions. Indeed, some of the provisions QJp tjje ac^ especially the 10th section, appear plainly to presuppose that a marriage of an infant, though without the consent of the parent or guardian, would, if otherwise unexceptionable and duly celebrated, be valid. But be this as it may, as it is clear that none of the provisions of *79 the act affect the capacity of an infant to promise or contract marriage, it must remain as it did before the passage of the act, and consequently the manner of declaring upon such promise or contract must be the same.
The assent, if it was necessary to the validity of the promise, might be proved without an a-verment.
A refusal of such assent is a good defence.
It is the duty of the male to procure such assent.
Instructions irrelevant to the issuedoes not perse au-thorise a new trial.
If, therefore, it be necessary to shew the consent of the parent or guardian, it is sufficient to do so in evidence, without specially alledging it in the declaration. But when the female party is plaintiff, as in this case, we apprehend it is not even necessary for her to shew in proof that her parent or guardian had consented to the marriage. As the law requires such consent before licence caí* legally issue, there can be no doubt, that if the consent cannot be attained, it will be a sufficient excuse for a failure to perform the promise or contract to marry. But from the nature of the transaction, as well as from universal usage, it is the duty of the male party to ask for the consent of the parent or guardian. The law, indeed, only requires the consent to be given as a mean for obtaining the licence, and it was not pretended in the argument that it was not the business of the male party to procure the licence, and if he be bound to obtain the licence, he must necessarily be bound to use the mean which the law has appointed for the purpose. Upon the whole, therefore, we are of opinion, that neither of the objections taken to the declaration can be sustained.
The second and third errors assigned, may, with propriety, be considered together; for the instructions complained of were not excepted to when given on the trial, but were stated only as one ground upon which the application for a new trial was founded, and it is the only ground relied on in the argument in this court.
The instructions given to the jury were, in substance, that if they believed the evidence proved a contract to marry, to have been made between the parties, and the mouth of Big Sandy, at the house of William Catlett, to have been appointed as the place for them to intermarry, on given time, the attendance of the plaintiff at the time and place, was a sufficient offer on her part to perform the contract.
As an abstract proposition, there can be no doubt, when there is a time and place appointed to perform a contract to marry, that the attendance of the female party at the time and place agreed on, would be a sufficient offer on her part. But in this case, though there was a place appointed *80 by the parties for the performance of the contract, the evidence does not warrant the conclusion, that there was any definite time agreed on for that purpose, nor is there any allegation in the declaration to that effect. It is true, where there is no time fixed upon by the parties, that the law requires such a contract to be performed in a convenient and reasonable time, but what is a convenient and reasonable time, depends upon circumstances, and cannot with propriety be said to be a given time, according to the usual acceptation of the expression. The instructions of the court, herefore, being predicated upon the existence of an agreement to marry on a given time, were inapplicable to the case, and, consequently, though correct when abstractedly considered, were irrelevant to the point in issue.
The admission of irrelevant testimony, unless excepted to, does not au-tno! ise a, new trial.
Bibb & Hardin for plaintiff in error, Talbot for defeud’t
But surely the mere irrelevancy of instructions given by the court to the jury, is not a ground which in itself, independent of all other considerations, is sufficient to au-thorise the granting of a new trial. That irrelevant evidence had been admitted, to which no exceptions were taken on the trial, would not be a sufficient ground for setting aside the verdict, and there seems to be in principle no difference in this respect between the admission of irrelevant evidence and the giving irrelevant instructions. Had injustice been done by the verdict, there might be some pretence for urging the irrelevancy of the instructions as auxiliary to other causes, for a new trial; but there is no probability that the verdict is contrary to justice, or that a second trial would result in a verdict essentially different. For, to every point which it was necessary for the plaintiff to prove, evidence was adduced amply sufficient to justify the verdict of the jury. To grant a new trial, therefore, merely on account of the irrelevancy of the instructions, would be doing that which would be vain and useless; for On the same allegations and on the same evidence, the same verdict ought to be given on a second trial. In this respect, this case differs materially from the case of Hally vs. M’Cargo, 4 Bibb, 343, which was relied on in the ar-' gument. But in another respect that case differs still more essentially from this; for the verdict and the judgment in that casé, we then thought and still think, could not have been used as a bar to an action, for the cause which the evidence given in that case would have supported.
Judgment must be affirmed with costs.